**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN**

**ROBIN HAFFNER,**

        Plaintiff,

        v.

Case No. _____

**JOSHUA BELL (in
his individual capacity),**

**and**

**THE CITY OF NEW RICHMOND POLICE
AND FIRE COMMISSION**,

        Defendants.

## COMPLAINT

NOW COMES THE PLAINTIFF, Robin Haffner, by his attorneys, Gingras, Thomsen & Wachs LLP, by attorney Paul A. Kinne, and hereby states the following as his Complaint in the above- referenced matter.

### NATURE OF PROCEEDINGS

1. Robin Haffner was entitled to retain his rank of Assistant Chief unless his demotion was approved by the City of New Richmond Police and Fire Commission. Joshua Bell demoted Robin Haffner without a hearing and approval before the City of New Richmond Police and Fire Commission, thereby violating Robin Haffner's right to retain his rank. Additionally, the City of New Richmond Police and Fire Commission denied Robin Haffner's request for a just cause hearing,

also violating Robin Haffner's due process rights.

## PARTIES

2.      Robin Haffner (Haffner) is an adult resident of the State of Wisconsin who lives in the New Richmond, Wisconsin, area.

3.      Joshua Bell (Bell) was, at all times relevant hereto, the Interim Fire Chief of the City of New Richmond Fire Department.

4.      The City of New Richmond Police and Fire Commission (the PFC) has, at all times relevant hereto, been a police and fire commission serving New Richmond, Wisconsin, and the surrounding area. The PFC is organized according to State law.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 for the due process claim.

6.      This claim may be venued in the Western District of Wisconsin pursuant to 28 U.S.C. § 1391, insofar as all of the parties live and/or conduct business in the Western District of Wisconsin, and the circumstances giving rise to this claim occurred in this district.

## FACTUAL ALLEGATIONS

7.      A set of bylaws govern the promotion of officers at the New Richmond Fire & Rescue Department (NRFD).

8.      The bylaws provided the Fire Chief with the authority to appoint officers, including Assistant Chiefs, Captains and Lieutenants, pursuant to an

election by fire department members.

9.   Those bylaws are set forth in writing, and, upon information and belief, were formally adopted by the PFC prior to August 23, 2021, pursuant to the Board's statutory authority under sec. 62.13(6)(a)(1), Stats.

10.   In October, 2021, Haffner's counsel requested a copy of PFC minutes from January 1, 2013, to through September 30, 2021.

11.   Haffner's counsel received a response on October 28, 2021, indicating that the PFC would begin working on a response.

12.   Haffner's counsel periodically requested updates after October 28, 2021, but never received any response at all.

13.   Pursuant to state law, once an officer was appointed as an officer, that officer could be demoted only for just cause after a hearing before the PFC. That is, upon appointment, an officer had a property interest in the rank he or she held.

14.   Alternatively, Haffner had a property right in his rank through the bylaws or mutually explicit understandings that he retained his rank unless he was afforded a just cause hearing before the PFC where demotion was supported by just cause.

15.   In 2021, Haffner held the rank of Assistant Chief. Prior to 2021, he had been appointed to that rank by the Fire Chief pursuant to the bylaws.

16.   Haffner received monetary compensation to act as the Assistant Chief.

17.   On August 23, 2021, Bell demoted Haffner, thus also cutting Haffner's pay, without just cause.

3

18.    Haffner requested a hearing before the PFC, but it was denied.

## FIRST CAUSE OF ACTION:
## VIOLATION OF THE DUE PROCESS CLAUSE AGAINST THE PFC

19.    The plaintiff realleges and incorporates the foregoing paragraphs as if set forth fully herein.

20.    Prior to his demotion, Haffner had a property interest in his rank.

21.    By engaging in the conduct set forth in this Complaint, the PFC denied Haffner due process of law when it refused to grant him a hearing to determine if just cause existed to demote him.

22.    This deprivation of his due process rights has caused Haffner economic and emotional harm.

## SECOND CAUSE OF ACTION:
## VIOLATION OF THE DUE PROCESS CLAUSE AGAINST BELL

23.    The plaintiff realleges and incorporates the foregoing paragraphs as if set forth fully herein.

24.    Prior to his demotion, Haffner had a property interest in his rank.

25.    By demoting Haffner without first giving him a just cause hearing before the PFC, Bell denied Haffner due process of law.

26.    This deprivation of his due process rights has caused Haffner economic and emotional harm.

**WHEREFORE**, the plaintiff demands the following relief:

1.    Judgment against Bell and the PFC in amount sufficient to compensate Haffner for all economic losses.

2.      Judgment against Bell and the PFC in an amount sufficient to compensate Haffner for his emotional harm.

3.      A judgment of punitive damages against Bell in an amount sufficient to deter future, similar conduct.

4.      An award of all attorney fees and costs incurred by Haffner in litigating this action.

5.      Any and all other relief the Court deems just to award, including but not limited to equitable relief.

## JURY DEMAND

The plaintiff respectfully requests that this matter be tried before a jury of six (6) competent persons.

Dated this 8th day of November, 2022.

**GINGRAS THOMSEN & WACHS LLP**
Attorneys for Robin Haffner


*s/ Paul A. Kinne*
Paul A. Kinne
State Bar Number: 1021493

8150 Excelsior Drive
Madison, WI 53717
Phone: (608) 833-2632
Fax: (608) 833-2874
Email: kinne@gtwlawyers.com

5